# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO MARTIN NICOLAS,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>WILLIAM P. BARR, in his official capacity as the Attorney General of the United States, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 20-cv-01282-BAS-LL<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING MATTER FOR ORAL ARGUMENT** |

On July 7, 2020, Petitioner Rodolfo Martin Nicolas filed a Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief ("Petition") and Motion for Temporary Restraining Order ("Motion"). (ECF Nos. 1, 2.) Petitioner seeks to enjoin Respondents from removing him from the United States before the Board of Immigration Appeals ("BIA") adjudicates his motion to reopen his removal proceedings and his motion for a stay of removal. (Mot. at 1.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for a TRO until a hearing on the Motion.

## I.    BACKGROUND

Petitioner is a 22-year-old citizen of Guatemala. (June 20, 2020 Decl. of Rodolfo Martin Nicolas ("Pet'r 2020 Decl."), Ex. 8 to Decl. of Mark C. Zebrowski in supp. of Pet. ("Zebrowski Decl.").)[1]   Petitioner presented at the United States border as an

---

[1] The Zebrowski Declaration and all attached exhibits are docketed as ECF No. 1.

unaccompanied minor when he was seventeen years old and served a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he did not have a valid entry document. (Notice to Appear, Ex. 1 to Zebrowski Decl.)

In November 2016, San Diego Superior Court made the factual findings and judicial determinations required for Rodolfo to apply for Special Immigrant Juvenile ("SIJ") status pursuant to 8 U.S.C. § 1101(a)(27)(J) and appointed his cousin and his cousin's wife as legal guardians until Petitioner turned 21. (Zebrowski Decl. ¶¶ 3–4.) An administrative law judge with the United States Citizen and Immigration Services ("USCIS") administratively closed Petitioner's removal proceedings to allow him to seek SIJ status before the agency. (*Id.* ¶ 5.) On March 10, 2017, Petitioner submitted a SIJ petition to USCIS and requested expedited adjudication. (*Id.* ¶ 6; Form I-797C, Notice of Action, Ex. 2 to Zebrowski Decl.)

In 2017, Petitioner pled guilty to one count of driving under the influence and causing injury. (Zebrowski Decl. ¶ 7.) He was sentenced as a first-time offender and was released on probation for time served. (*Id.* ¶¶ 7–8.) Shortly thereafter, Immigration and Customs Enforcement ("ICE") detained Petitioner and the Department of Homeland Security ("DHS") moved to re-calendar his removal proceedings based on the initial charge—inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I)—which was granted in early 2018. (*Id.* ¶¶ 8–9.)

On February 27, 2019, an immigration judge ordered Petitioner's removal to Guatemala. (*Id.* ¶ 13.) Petitioner appealed the decision to the BIA, which affirmed the immigration court's decision and dismissed the appeal. (*Id.*) Petitioner was deported to Guatemala in September 2019. (Pet'r 2020 Decl. ¶ 5; Joint Notice of Removals at 5, Ex. 11 to Zebrowski Decl.)

Petitioner's deportation violated a preliminary injunction, issued by the Northern District of California on October 24, 2018, which prohibited USCIS from imposing its policy to deny SIJ petitions and prohibited DHS from removing class members without giving class counsel 14 days' notice. *See J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1071 (N.D.

Cal. 2018). Class counsel was not so notified, and on February 14, 2020, the Court held USCIS, DHS, and their directors in civil contempt over the removal of Rodolfo and other class members. *See J.L. v. Cuccinelli*, No. 18-cv-04914, 2020 U.S. Dist. LEXIS 26649 (N.D. Cal. Feb. 14, 2020).

Petitioner was returned to the United States on June 17, 2020, pursuant to the contempt order. (Defs.' Update Re: Facilitation of R.M.N.'s Return to the U.S. ("Defs.' Update") at 2, Ex. 12 to Zebrowski Decl.) The next day, USCIS approved Petitioner's SIJ petition on June 18, 2020. (Approval of SIJ Pet., Ex. 5 to Zebrowski Decl.) Even before facilitating Petitioner's return to the United States, ICE indicated its intent to remove him 14 days after paroling him back into the country and providing notice to class counsel of the impending removal to satisfy its obligations under the contempt order. (Defs.' Update at 2; *see also* June 19, 2020 email, Ex. 6 to Zebrowski Decl. (noting DHS' intention to remove Petitioner to Guatemala "on or after July 1, 2020").)

Petitioner has now moved to reopen his removal proceeding before the BIA and stay his removal because, he claims, the single ground sustained against him in his removal proceedings is now statutorily inapplicable to him due to his recently granted SIJ status. (Mot. to Reopen, Ex. 13 to Zebrowski Decl.; Mot. to Stay, Ex. 14 to Zebrowski Decl.) In his Petition, he alleges his removal would violate the Immigration & Nationality Act, Administrative Procedures Act, principles of refoulement, and due process. (*See generally*, Pet.) Petitioner filed the instant Motion to prevent ICE from deporting him pending the resolution of his motion to reopen and to release him from custody, or in the alternative, grant him a bond or custody redetermination hearing. (Mot. at 1.)

## II.    LEGAL STANDARD

The standards for a TRO and preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

the public interest. *Am. Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)). A TRO's "underlying purpose [is to] preserv[e] the status quo and prevent[] irreparable harm" until a preliminary injunction can be held. *See Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

Under Federal Rule of Civil Procedure 65(b), a court may grant a TRO:

> without written or oral notice to the adverse party . . . only if (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

These stringent requirements are imposed because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc.*, 415 U.S. at 439. When granting a TRO without an opportunity for the opposing party to respond, the court can consider whether time is a pressing factor, as well as craft an order with a narrow scope and limited duration to justify the lack of notice. *Cf. Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984) (finding time was not pressing and, thus, a TRO without notice was not necessary); *see In the Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979) (stating that petitioner's justification was sufficient to support an order "narrow in scope and brief in its duration").

### III. DISCUSSION

The Court grants this TRO without hearing formal oral or written opposition from Respondents. The Court finds that this is necessary given the pressing time factor because there is evidence that the Government has stated an intention to deport Petitioner on or after July 1, 2020. If the TRO is not granted, Plaintiff will be irreparably harmed. The Court also only enforces this TRO until a hearing on the motion, which is set for the following day, and by that time, Respondents will have an opportunity to object in person. *See Granny Goose Foods, Inc.*, 415 U.S. at 438–39 ("[U]nder federal law [ex parte TROs]

should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.").

Further, in light of the complex jurisdictional issues posed by this Motion, and the speed with which the Government intends to remove Petitioner to Guatemala, the Court finds that it is necessary to stay Petitioner's removal pending the Court's determination regarding its jurisdiction. It is well-settled that a court has jurisdiction to determine its own jurisdiction, and may stay a matter in order to do so. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) ("[T]he District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction."); *see also Derminer v. Kramer*, 386 F. Supp. 2d 905, 906 (E.D. Mich. 2005) ("A court always has jurisdiction to determine its jurisdiction.").

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Government is temporarily restrained and enjoined from relocating Petitioner outside the United States pending the Court's consideration of the issues in this action. This Order extends to Respondents and any other federal officials and personnel involved in the removal process.

**IT IS FURTHER ORDERED** that telephonic oral argument on the issues raised in the Motion is set for **Friday, July 10, 2020 at 10:00 a.m.** This temporary restraining order shall remain in effect until this date.

Information for calling into the teleconference is listed below. The parties and the public may access the hearing by calling the Court's teleconference number before 10:00 a.m. When prompted, enter the access code followed by the pound sign (#).

**Teleconference number**: (888) 557-8511

**Access code**: 6968297

Any members of the public that join the teleconference must mute their lines after joining.

**IT IS SO ORDERED.**

**DATED: July 9, 2020**

Hon. Cynthia Bashant
United States District Judge